657 A.2d 961

**COMMONWEALTH of Pennsylvania**

v.

**Darryl BYRD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1995.

Filed April 11, 1995.

352

William J. Hathaway, Erie, for appellant.

Anna Firestone, Asst. Dist. Atty., Erie, for Com., appellee.

Before CAVANAUGH, JOHNSON, and SAYLOR, JJ.

SAYLOR, Judge:

This is an appeal from an order of the Court of Common Pleas of Erie County resentencing Appellant, Darryl Byrd, to an aggregate term of 11 to 22 years imprisonment. We vacate and remand for resentencing.

On May 20, 1993, a jury convicted Appellant of unlawful restraint, robbery, terroristic threats, theft by unlawful taking, burglary, aggravated assault, resisting arrest, and recklessly endangering another person. Appellant was found not guilty of a second charge of burglary. Appellant filed timely post-verdict motions which were denied by the trial court. On June 30, 1993, Appellant was sentenced to an aggregate term of 11½ to 23 years imprisonment. On appeal, the Superior Court determined that Appellant's substantive claims were meritless but vacated the judgment of sentence because of certain sentencing errors. Counts one and eight of the criminal information charged Appellant with two separate burglaries. The verdict slips revealed that Appellant was convicted of count one, but acquitted of count eight. The trial court, however, sentenced Appellant on count eight, of which he had been acquitted, but failed to sentence him on count one, of which he had been convicted. Additionally, although Appellant was found guilty of aggravated assault, a felony of the second degree, the sentencing judge had imposed a sentence for a first degree felony aggravated assault. Therefore, the Superior Court remanded the matter to the trial court for resentencing. On June 17, 1994, the trial court resentenced Appellant to an aggregate term of 11 to 22 years. Appellant

filed motions requesting modification and reduction of the sentence which were denied by the trial court.[1]  This direct appeal followed.

In the interest of clarity, we have consolidated and reordered the issues raised by Appellant as follows: 1) Whether Appellant's counsel was ineffective for failing to petition for allocatur to the Supreme Court with respect to the substantive issues raised on appeal to the Superior Court; 2) Whether the trial court abused its discretion by resentencing Appellant without considering certain mitigating factors; and 3) Whether the trial court abused its discretion by failing to provide sufficient reasons for imposing the sentence and misapplying the sentencing guidelines.

■  Appellant contends that defense counsel was ineffective for failing to petition for allowance of appeal to the Supreme Court on all of the substantive issues raised by Appellant in his appeal to the Superior Court.[2]  An appeal to our Supreme Court is not a matter of right, but of sound judicial discretion.  Pa.R.A.P. 1114; *Commonwealth v. Tanner*, 410 Pa.Super. 398, 600 A.2d 201 (1991), *appeal denied*, 530 Pa. 654, 608 A.2d 29 (1992).  Review by the Supreme Court is "purely discretionary and will be granted only where there exist both special and important reasons.  Pa.R.A.P. 1114.  It would be illogical to conclude that a miscarriage of justice occurred by counsel's failure to seek Supreme Court review unless it is established that the issue was such that review would have been granted by the Supreme Court." *Commonwealth v. Gilbert*, 407 Pa.Super. 491, 595 A.2d 1254 (1991), *appeal denied*, 529 Pa. 640, 600 A.2d 1258 (1991).

1.  In addition to his counseled brief, Appellant filed a pro se handwritten eight-page "Motion Requesting to Supplement Amend to the Original Brief" setting forth six "facts issues."  Such motion is in complete non-conformity with the Rules of Appellate Procedure and is denied.

2.  In support of this argument, Appellant cites *Commonwealth v. Daniels*, 491 Pa. 289, 420 A.2d 1323 (1980) which has no applicability to this case, but merely holds that an indigent defendant has the right to court-appointed counsel for purposes of seeking review by the Supreme Court.

■ Appellant's original appellate counsel, Joseph P. Burt, filed a petition to appoint substitute counsel and a petition for leave to withdraw as counsel based upon his belief that there were no meritorious issues which he could raise on behalf of Appellant in a petition for allocatur to the Supreme Court. Attorney Burt based his decision upon his review of the record and the Superior Court's previous determination that the substantive issues raised by Appellant were meritless. Here, Appellant has failed to set forth any facts or arguments to establish that the issues which he would have raised possessed merit and that the Supreme Court would have exercised its discretion and reviewed Appellant's issues, and in point of fact Appellant's counsel examined the record and concluded that there were no such meritorious issues. We therefore find that Appellant is not entitled to relief on his claim of ineffectiveness.

■ Next, Appellant contends that the trial court failed to give sufficient consideration to certain mitigating factors, including his use of his incarceration time to improve his education, his use of the Salvation Army programming, and his mastery of his anger. This is a challenge to the discretionary aspects of his sentence. Thus, we note preliminarily that Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal with regard to his sentencing claims and therefore complies with the dictates of Pa. R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). However, an appeal which challenges the discretionary aspects of sentencing will only be granted if Appellant raises a substantial question as to the appropriateness of his sentence. *Commonwealth v. Tuladziecki, supra; Commonwealth v. Koren*, 435 Pa.Super. 499, 646 A.2d 1205 (1994). We have held that "an appeal based on the argument that the sentencing court failed to give sufficient weight to certain mitigating factors does not raise a substantial question." *Commonwealth v. Jones*, 432 Pa.Super. 97, 106, 637 A.2d 1001, 1006 (1994). Therefore, we decline to review Appellant's argument that the trial court failed to consider certain mitigating circumstances in resentencing him.

Finally, Appellant argues that the sentencing court abused its discretion by misapplying the sentencing guidelines and by failing to provide sufficient reasons for the sentence imposed. At the sentencing hearing, the court stated as follows:

As I pointed out, with the significant criminal history you've got and the circumstances I've just indicated, you clearly fall within the aggravated range. There's no question but that this Court must sentence you within the aggravated range because of the circumstances which I just indicated. The safety of this community requires it.

However, it appears from the record that the court, despite having announced that it was sentencing Appellant within the aggravated range, in fact proceeded to sentence Appellant outside of the sentencing guidelines with respect to the crimes of robbery, burglary and aggravated assault.

Appellant was sentenced to a term of imprisonment of 10 to 20 years for robbery. With Appellant's offense gravity score of seven and his prior record score of four, the sentencing guidelines provide that the mitigated range for this crime is 25 to 33 months imprisonment, the standard range is 33 to 49 months imprisonment, and the aggravated range is 49 to 61 months imprisonment. Therefore, it is clear that Appellant was sentenced outside of the sentencing guidelines for this crime. Furthermore, Appellant was sentenced to a term of imprisonment of six to twelve years for burglary and four to eight years for aggravated assault. Both of these sentences are also clearly outside of the sentencing guidelines.

■ While deviation from the guidelines is permitted, *Commonwealth v. Martin*, 416 Pa.Super. 507, 611 A.2d 731 (1992), the Sentencing Code requires that the court place of record its reasons for such deviation. 42 Pa.C.S.A. § 9721(b); 204 Pa. Code Ch. 303.1(h). The Superior Court has held that

At the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines.

As noted above, in every case where sentence has been imposed, the court then must make as part of the record

and disclose in open court at the time of sentencing, a statement for the reasons for the sentence. However, the Sentencing Code imposes an additional requirement where the sentence is outside the guidelines and that is there must be a contemporaneous written statement of the reasons for deviation from the guidelines. Where the trial judge deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant. In the instant case the court did not advise the defendant what the sentencing guidelines provided as far as the range of sentence, and did not state why he deviated from the sentencing guidelines.

*Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453, 457 (1984). *See also, Commonwealth v. Breter*, 425 Pa.Super. 248, 624 A.2d 661 (1993).

■ Here, the sentencing transcript reveals that the sentencing court failed to set forth in Appellant's presence the permissible range of sentences under the guidelines. Moreover, while the sentencing court did provide reasons for the sentence imposed, these reasons were advanced to support a sentence in the aggravated range. Nowhere did the court indicate that it was in fact sentencing Appellant outside of the guidelines and provide a contemporaneous statement of its reasons for such deviation. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Motion to supplement brief denied; judgment of sentence vacated; case remanded for resentencing; jurisdiction relinquished.