J-S23045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMIR FEATHERSON, | : | |
| | : | |
| Appellant | : | No. 2256 EDA 2014 |

Appeal from the Judgment of Sentence Entered May 9, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0005456-2012

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JUNE 11, 2015**

Amir Featherson (Appellant) appeals from a judgment of sentence entered after he pled *nolo contendere* to aggravated assault.  We vacate the judgment of sentence and remand for resentencing.

The background underlying this matter can be summarized as follows.

> On March 31, 2014, [Appellant] pleaded *nolo contendere* to aggravated assault.  Additional charges of aggravated assault, possession of a firearm by a minor, recklessly endangering another person, and criminal conspiracy were not pursued by the Commonwealth.  [The trial court] ordered a pre-sentence investigation (PSI), and on May 9, 2014, [the court] sentenced the defendant to serve 10 to 20 years in a State Correctional Institution.…
>
> The incident that gave rise to the charges in this case occurred on April 22, 2012.  At approximately 11:00 PM, Joseph Ortiz was seated in the back of a Nissan Altima in the 500 block of North New Street in Allentown when he was shot in the back.  Ortiz advised his friends he was hit, and they drove him to the hospital.  Ultimately, Ortiz's injuries left him permanently paralyzed from mid-chest down.

*Retired Senior Judge assigned to the Superior Court.

When police arrived on scene, they discovered over 30 shell casings from three different caliber weapons and a blood trail. Officers followed the blood trail to the area of North Utica Street and discovered [Appellant] suffering from a gunshot wound to the back of his left knee. He was transported to the hospital and subsequently told police he was walking home when he heard gunshots and was shot in the leg. Through their investigation, police recovered video footage from a market on the southwest corner of New and Allen Streets. The footage shows three individuals walking into the area of the shooting, getting within 20 feet of the Nissan Altima, and then firing shots. The three individuals are then seen running from the scene as shots are fired at them.[1] One of the individuals is seen holding what appears to be a handgun and is limping in portions of the video. The path taken by this individual is consistent with the blood trail discovered by police. Blood samples taken from the trail matched the DNA profile of [Appellant]. Additionally, the clothing seen on the third individual is consistent with the clothing taken from [Appellant].

[Appellant's] date of birth is February 2, 1997, and he was 15 years old at the time of this crime. Prior to his *nolo* plea, [Appellant] sought to have his case transferred to juvenile court. Following a hearing, [the trial court] denied the request, finding [Appellant] failed to meet his burden….

\*\*\*

On May 9, 2014, [Appellant] appeared for sentencing. At the time, [his] prior record score was 0. The aggravated assault charge carries an offense gravity score of 11, making the standard range minimum 54 to 72 months, plus or minus 12 [months] for the aggravated and mitigated ranges, with a statutory maximum of 10-20 years[ in prison].

---

[1] To be clear, according to the Commonwealth's recitation of the evidence at both the guilty plea colloquy and the sentencing hearing, neither Mr. Ortiz nor anyone else in the Nissan Altima fired shots. They were caught in the middle of an exchange of shots fired by Appellant's group and a group of unknown individuals.

Trial Court Opinion, 10/7/2014, at 1-3 (unnecessary capitalization and footnote omitted).

Appellant timely filed a post-sentence motion. Before the trial court could rule on that motion, Appellant *pro se* filed a notice of appeal, which this Court eventually dismissed as duplicative of this appeal. On July 23, 2014, the trial court held a hearing to address Appellant's post-sentence motion. The court denied the motion on the day of the hearing.

Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the trial court subsequently issued an opinion in compliance with Pa.R.A.P. 1925(a). On appeal, Appellant challenges the discretionary aspects of his sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

- 3 -

Appellant timely filed a notice of appeal, and his brief contains a concise statement of the reasons relied upon for allowance of appeal. In his concise statement, Appellant presents a number of concerns regarding his sentence. However, his primary claim is that the trial court erred by failing to offer a statement of its reasons for deviating from the sentencing guidelines. Appellant's Brief at 9. Appellant preserved this claim by presenting it in his post-sentence motion. Post-Sentence Motion, 5/16/2014, at ¶¶ a)-c). Moreover, such a claim raises a substantial question. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) ("This [C]ourt has found that a claim the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review.").

Our standard of review in sentencing matters is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (citations omitted).

Regarding the merits of Appellant's claim, we are guided by this Court's opinion in *Commonwealth v. Byrd*, 657 A.2d 961 (Pa. Super. 1995). In *Byrd*, the trial court stated, on the record, its reasons for

- 4 -

sentencing Byrd in the aggravated range of the sentencing guidelines. However, the record reflected that the trial court actually sentenced Byrd in excess of the aggravated range. Thus, on appeal to this Court, Byrd argued that the trial court abused its discretion by misapplying the sentencing guidelines and by failing to provide sufficient reasons for sentencing him outside of the guidelines.

This Court responded to Byrd's argument as follows.

> While deviation from the guidelines is permitted, the Sentencing Code requires that the court place of record its reasons for such deviation. The Superior Court has held that

>> [a]t the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines.

>> As noted above, in every case where sentence has been imposed, the court then must make as part of the record and disclose in open court at the time of sentencing, a statement for the reasons for the sentence. However, the Sentencing Code imposes an additional requirement where the sentence is outside the guidelines and that is there must be a contemporaneous written statement of the reasons for deviation from the guidelines. Where the trial judge deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant. In the instant case the court did not advise the defendant what the sentencing guidelines provided as far as the range of sentence, and did not state why he deviated from the sentencing guidelines.

> [Byrd's] sentencing transcript reveals that the sentencing court failed to set forth in [his] presence the permissible range of sentences under the guidelines. Moreover, while the sentencing court did provide reasons for the sentence imposed, these reasons were advanced to support a sentence in the aggravated range. Nowhere did the court indicate that it was in fact sentencing [Byrd] outside of the guidelines and provide a contemporaneous statement of its reasons for such deviation….

***Byrd***, 657 A.2d at 963-64 (citations omitted). For these reasons, this Court vacated Byrd's sentenced and remanded to the trial court for resentencing.

Here, it is uncontested that: Appellant had a prior record score of zero; Appellant's aggravated assault conviction carried an original gravity score of 11; and Appellant was subject to the "deadly weapon enhancement-used." Thus, the sentencing guidelines dictate that: the standard minimum sentence in this case is 54-72 months of imprisonment; the mitigated range is 42 to 54 months of imprisonment; and the aggravated range is 72-84 months of imprisonment. 204 Pa.Code § 303.17(b).

At the beginning of Appellant's lengthy sentencing hearing, the trial court properly stated that the standard range sentence is from 54 to 72 months. N.T., 5/9/14, at 5. However, the court never mentioned what the mitigated or aggravated ranges were for Appellant's sentence. In other words, the court failed to set forth in Appellant's presence the permissible range of sentences under the guidelines.

Moreover, while the trial court provided reasons for the sentence it imposed, those reasons were advanced to support a sentence in the

- 6 -

aggravated range. *Id.* at 89 ("This is an aggravated range sentence for the following reasons: …"). Yet, the court sentenced Appellant to a minimum of ten years in prison, which falls outside of the aggravated range. The court never stated that it was sentencing Appellant outside of the aggravated range nor did it provide a contemporaneous reason for such a deviation.

For these reasons, we vacate Appellant's judgment of sentence and remand the matter for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/11/2015