J-A24030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON TORRES | |
| Appellant | No. 387 EDA 2015 |

Appeal from the Judgment of Sentence of February 7, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0000790-2012

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 04, 2015**

Jason Torres appeals the February 7, 2014 judgment of sentence.  We affirm.

The sentencing court summarized the factual and procedural history of this case as follows:

> [Torres] entered open guilty pleas on May 23, 2013, to attempted involuntary deviate sexual intercourse ("IDSI"), attempted dissemination of obscene materials, corruption of minors, and attempted unlawful contact with a minor.  The charges arose after the parents of a then-13-year-old girl reported to police that the then-36-year-old [Torres] had been communicating with their daughter on Facebook.  [Torres] was an acquaintance of the minor's family.
>
> A Montgomery County Detective began posing as the minor on Facebook and [Torres] eventually had sexually explicit conversations with her.  He discussed having oral and vaginal

---

[*]    Retired Senior Judge assigned to the Superior Court.

sex with the "minor" and used a webcam on his computer to send her a live video of himself masturbating. He also requested several times that the "minor" delete their messages because he did not want to get in trouble. [Torres] eventually made plans to have a sexual encounter with the "minor." He was arrested when he arrived at a local convenience store to pick her up and take her back to his house.

On February 7, 2014, [Torres] was sentenced to seven-and-one-half to twenty years in prison for attempted IDSI and to a concurrent period of ten years probation for attempted unlawful contact with a minor. [The sentencing] court imposed no penalty in connection with the convictions for attempted dissemination of obscene materials and corruption of minors.

[Torres], through sentencing counsel, Evan T. Hughes, Esquire, filed a post-sentence motion on February 18, 2014, that challenged the length of the sentence.[2] On April 15, 2014, with the post-sentence motion pending, [A]ttorney Hughes filed a notice of appeal to the Pennsylvania Superior Court. [The sentencing] court denied the post-sentence motion in an Order dated May 28, 2014. The Superior Court quashed the pending appeal as interlocutory on June 2, 2014. Attorney Hughes did not take any subsequent action with regard to a direct appeal.

[2] The motion was timely because the 10-day period in which to file a post-sentence motion expired on February 17, 2014, which was President's Day.

On October 1, 2014, Thomas A. Blackburn, Esq., entered his appearance on behalf of [Torres] as private counsel. He subsequently filed a motion under the Post Conviction Relief Act [("PCRA")]. After written response from the Commonwealth, and a conference with counsel, [the PCRA] court issued an Order on January 13, 2015, reinstating [Torres'] direct appeal rights and granting him 30 days in which to file a notice of appeal *nunc pro tunc*.

[Torres], through [A]ttorney Blackburn, filed a notice of appeal on February 4, 2015. He subsequently complied with [the sentencing] court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

Sentencing Court Opinion ("S.C.O."), 3/30/2015, at 1-3 (citations to record and some footnotes omitted).

Torres presents three questions for our review:

I.    Whether the Sentencing Court abused its discretion in imposing a sentence with regard to the charge of Criminal Attempt – Involuntary Deviate Sexual Intercourse, wherein the minimum period of incarceration exceeded the Aggravated Range of the Sentencing Guidelines by twenty-four (24) months?

II.   Whether the Sentencing Court abused its discretion in imposing a sentence which was unduly harsh and overly burdensome?

III.  Whether the Sentencing Court erred in denying [Torres'] Post-Sentence Motion filed on February 18, 2014?

Torres' Brief at 5.

All three of Torres' issues challenge the discretionary aspects of his sentence and we discuss them together. Our standard for reviewing the discretionary aspects of a sentence is as follows:

[I]mposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). When reviewing such a challenge:

"It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal."

- 3 -

> ***Commonwealth v. Austin***, 66 A.3d 798, 807–08 (Pa. Super. 2013).

>> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [***see*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

> ***Id.*** (brackets in original).

***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014).

Here, Torres filed a notice of appeal within the thirty days provided upon reinstatement of his direct appellate rights and preserved his sentencing challenge in a timely filed post-sentence motion. Torres also has included in his brief a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next decide whether Torres' statement raises a substantial question.

>> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Mastromarino***, 2 A.3d 581, 585-86 (Pa. Super. 2010).

Torres asserts that his sentence exceeded the aggravated range of the sentencing guidelines and that the court assigned undue weight to certain factors while failing to give weight to mitigating factors. Therefore, he concludes that his sentence "was contrary to the fundamental norms underlying the sentencing process." Torres' Brief at 14. Claims of excessiveness in conjunction with a claim that a sentencing court failed to consider mitigating factors is a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Hence, Torres has raised a substantial question.

> [W]hen sentencing a defendant beyond the ranges recommended by the sentencing guidelines, the trial court must state its reasons for departing from the guidelines on the record. *Commonwealth v. Bowen*, 55 A.3d 1254, 1263–64 (Pa. Super. 2012). When doing so,
>
>> a trial judge . . . [must] demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, *so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.*
>
> *Id.* at 1264 (emphasis added).

*Commonwealth v. Warren*, 84 A.3d 1092, 1097 (Pa. Super. 2014) (citation modified).

Here, the court was clearly aware of the sentencing ranges. The sentencing court reviewed the charges and the pre-sentence investigation

("PSI") report that included the guideline sentence ranges.  Notes of Testimony, 2/7/2014, at 4.  At that time, the Commonwealth identified that one of the charges has been graded incorrectly and provided the court with the correct ranges.  *Id.* at 4-5.

Further, the court stated on the record the reasons that it was deviating from the guidelines.  The record demonstrates that the court considered Torres' sentencing quite carefully.  The sentencing court stated that it believed that Torres acted in a predatory fashion, honing in on a child who had difficulties and abusing the trust of the child's family, and considered the victim impact statements that the child was indelibly marked by this experience and the family felt a deep sense of betrayal.  The court believed that Torres was likely to commit further criminal acts and that he was a danger to society.  The sentencing court was particularly troubled by Torres' statement at sentencing that Torres believed that he had been punished enough already.  It also noted Torres' efforts to cover up the crime by asking the child to delete the messages between them.  *Id.* at 28-33.

However, the sentencing court noted several mitigating factors, including the statements of Torres' family and friends, Torres' expression of remorse, and his military service.  The court stated that Torres' friends and family convinced the court to lower Torres' minimum sentence.  The sentencing court had read the PSI more than once.  *Id.* at 28-33.

The sentencing court concluded that, because of all these factors, a higher sentence was required to protect society, stating:

I find that there is an undue risk that during a period of probation or partial confinement you will commit another crime, that you are in need of correctional treatment that can be provided most effectively by your commitment to an institution. And I absolutely feel that a lesser sentence would depreciate the seriousness of your crime.

*Id.* at 33.

As demonstrated by the sentencing court's recitation of its sentencing rationale, it considered the various mitigating factors. Additionally, when a PSI is available, we may presume that the sentencing court knew the relevant information about Torres and weighed those considerations in rendering its sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010).[1]

Based upon the foregoing, the sentencing court provided ample reasons for its decision to deviate from the guidelines. The record also demonstrates that the sentencing court considered the mitigating factors in determining its sentence. In light of the sentencing court's statement and

_____

[1] The learned dissent, relying upon *Commonwealth v. Byrd*, 657 A.2d 961 (Pa. Super. 1995), suggests that this case should be remanded for re-sentencing because the sentencing court stated it was sentencing "into the aggravated range," N.T. at 32, when, in fact, the sentence was above the aggravated range. However, *Byrd* is distinguishable. In *Byrd*, "the sentencing court failed to set forth . . . the permissible range of sentences under the guidelines" and did not provide its reasons for sentencing outside of the guidelines. 657 A.2d at 964. Here, as noted *supra*, the trial court demonstrated its understanding of the guideline sentence for Torres and provided its reasoning for deviating from that guideline. Further, the sentencing court acknowledged that it knew the appropriate guideline ranges and misspoke at sentencing. S.C.O. at 6 n.6.

findings, the length of the sentence was not excessive. The sentencing court did not abuse its discretion.

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015