J-S33035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY THOMAS BOJNOSKI | : | |
| | : | |
| Appellant | : | No.  1930 MDA 2016 |

Appeal from the Judgment of Sentence November 2, 2016
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000867-2014,
CP-35-CR-0001085-2016, CP-35-CR-0001211-2016

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED AUGUST 01, 2017**

Jeffrey Thomas Bojnoski (Appellant) appeals from the judgment of

sentence which the trial court imposed after revoking Appellant's probation.

In addition, Appellant's counsel has filed a petition to withdraw and a brief

pursuant to **Anders v. California**, 386 U.S. 738 (1967), and

**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we

deny counsel's petition without prejudice, and remand for further

proceedings consistent with this memorandum.

The trial court summarized the pertinent factual and procedural history

as follows.

> On August 30, 2016, in case no. 16-CR-1085, [Appellant]
> pled guilty to one count of unsworn falsification to authorities, in
> place of the original charge of failure to comply with registration
> of sexual offender requirements. This charge arose when
> [Appellant] changed residences but failed to inform sexual

*Retired Senior Judge assigned to the Superior Court.

offender registration authorities of this change. On October 5, 2016, [Appellant] pled guilty to one count of harassment in case no. 16-CR-1211, and in exchange the other charges pending against [Appellant] were [*nolle prossed*]. These charges arose on April 16, 2016, when [Appellant] attacked and injured his girlfriend.

On November 2, 2016, [Appellant] was sentenced in these two cases and resentenced in case no. 14-CR-867 (a prior case against [Appellant] for failure to provide accurate sexual offender registration information that had been replaced with a charge of providing a false statement to authorities when he pled guilty). The [trial] court noted that although [Appellant] was now expressing a desire to change his ways and do what is right, the court had sentenced [Appellant] in 2014 for simple assault, and that [Appellant] had maxed out on that charge because he did not want to complete the programs he was in at the prison. The [trial] court also noted that [Appellant] provided his probation officer with an address for his home plan, but that three days later, he was found to be living at a different address. The court stated that [Appellant] talks a good game but he does not act in a way that indicates that he has any respect for the law. The court imposed a 6 to 12 month sentence in case no. 14-CR-867, a 12 to 24 month sentence in case no. 16-CR-1085, and a 1.5 to 3 month sentence in case no. 16-CR-1211. His aggregate sentence was thus 19.5 to 39 months. The court ordered a drug and alcohol and mental health evaluation. The court noted that the sentence in 16-CR-1085 was in the aggravated range since [Appellant] committed the crime while he was on supervision and it was similar to a prior case against him of failing to provide the proper residence to authorities so that he certainly had to be aware of the obligation to provide a proper address to authorities. The court noted that the other sentences were within the standard range of the sentencing guidelines.

On November 14, 2016 [Appellant] filed a motion for reconsideration of sentence which was denied on November 17, 2016. On November 28, 2016, [Appellant] filed a [n]otice of [a]ppeal, and on December 6, 2016, th[e trial] court ordered [Appellant] to file a concise statement of the matters complained of on days appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On December 15, 2016, [Appellant] filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal.

Trial Court Opinion, 1/17/2017, at 1-3 (citations omitted).

In this Court, in lieu of a brief in support of Appellant's appeal, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

> Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements cited *supra*.[1] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

Pertinent to our disposition, there appears to be some confusion regarding whether Appellant's sentences, and in particular the sentence at docket number CP-35-CR-0001085-2016 (Case 1085), fall within the standard or aggravated range of Appellant's guidelines, or outside the guidelines entirely. **Compare Anders** Brief at 5-6 (stating that the sentencing court imposed sentences in either the aggravated range or outside the guideline range) **with** Trial Court Opinion, 1/17/2017, at 2 ("The court noted that the sentence in [Case 1085] was in the aggravated range[.]

_____

[1] Appellant has not responded to counsel's petition to withdraw.

- 4 -

… The court noted that the other sentences were within the standard range of the sentencing guidelines.") (citations omitted).

While the guidelines do not apply to Appellant's sentence at CP-35-CR-0000867-2014, a sentence following the revocation of his probation, the guidelines must be consulted when imposing sentences in Appellant's two other cases. *See **Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006) ("Sentencing [g]uidelines do not apply to sentences imposed following a probation revocation"). ***See also*** 204 Pa. Code § 303.1 ("The court shall consider the sentencing guidelines in determining the appropriate sentence for offenders convicted of, or pleading guilty or *nolo contendere* to, felonies and misdemeanors.").

Here, this Court is without a guilty plea transcript or sentencing guideline form for Case 1085.[2] From the little we can glean from the sparse record, Appellant was sentenced on November 2, 2016, to one count of unsworn falsification to authorities, a misdemeanor in the second degree. 18 Pa.C.S. § 4904(a)(1). Appellant received a sentence of 12 to 24 months' incarceration. At the time of his sentencing Appellant's prior record score was two. Thus, under the sentencing matrix the applicable standard

---

[2] This is an additional basis for denying counsel's motion. "Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the record for any non-frivolous issues." ***Flowers***, 113 A.3d at 1250. Upon remand, prior to filing his advocate's brief, counsel must obtain the missing transcript and ensure its inclusion in the certified record. ***Id.*** at 1251.

guideline range was restorative sanctions-3, plus or minus three. Although the sentencing court and Commonwealth contend that Appellant's sentence at Case 1085 falls within the aggravated range of the guidelines, based on the information afforded to this Court, we cannot reconcile this conclusion. Based upon foregoing, it appears Appellant was sentenced well outside the guideline range.

If Appellant was sentenced outside the guideline range and the sentencing court failed to proffer reasons on the record for deviating from the guidelines, Appellant's appeal would not be wholly frivolous. *See Commonwealth v. Byrd*, 657 A.2d 961 (Pa. Super. 1995).

Due to these deficiencies, we deny without prejudice counsel's petition to withdraw. We remand this case and direct the trial court to supplement the record with the pertinent information concerning Appellant's guilty plea and sentencing guidelines within 30 days of the date of this memorandum. Counsel is then directed to file within 30 days either an advocate's brief or supplemental *Anders* brief and petition to withdraw. The Commonwealth shall have 30 days from the date that counsel files her brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.