J-S33035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY THOMAS BOJNOSKI | : | |
| | : | |
| Appellant | : | No.  1930 MDA 2016 |

Appeal from the Judgment of Sentence November 2, 2016
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000867-2014,
CP-35-CR-0001085-2016, CP-35-CR-0001211-2016

BEFORE:     BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 02, 2017**

Jeffrey Thomas Bojnoski (Appellant) appeals from an aggregate sentence of 19½ to 39 months' incarceration imposed after: he pled guilty to unsworn falsification to authorities and harassment, and the trial court revoked his probation.   After review, we vacate Appellant's sentences and remand this matter to the trial court for proceedings consistent with this memorandum.

The trial court summarized the pertinent factual and procedural history as follows.

> On August 30, 2016, in case [number] 16-CR-1085, [(Case 1085), Appellant] pled guilty to one count of unsworn falsification to authorities, in place of the original charge of failure to comply with registration of sexual offender requirements. This charge arose when [Appellant] changed residences but failed to inform sexual offender registration authorities of this change.  On October 5, 2016, [Appellant] pled

*Retired Senior Judge assigned to the Superior Court.

guilty to one count of harassment in case [number] 16-CR-1211, [(Case 1211)] and in exchange the other charges pending against [Appellant] were [*nolle prossed*]. These charges arose on April 16, 2016, when [Appellant] attacked and injured his girlfriend.

On November 2, 2016, [Appellant] was sentenced in these two cases and resentenced in case [number] 14-CR-867 [(Case 867)], (a prior case against [Appellant] for failure to provide accurate sexual offender registration information that had been replaced with a charge of providing a false statement to authorities when he pled guilty). The [trial] court noted that although [Appellant] was now expressing a desire to change his ways and do what is right, the court had sentenced [Appellant] in 2014 for simple assault, and that [Appellant] had maxed out on that charge because he did not want to complete the programs he was in at the prison. The [trial] court also noted that [Appellant] provided his probation officer with an address for his home plan, but that three days later, he was found to be living at a different address. The court stated that [Appellant] talks a good game but he does not act in a way that indicates that he has any respect for the law. The court imposed a 6 to 12 month sentence in [Case 867], a 12 to 24 month sentence in [Case 1085], and a 1[½] to 3 month sentence in [Case 1211]. His aggregate sentence was thus 19[½] to 39 months. The court ordered a drug and alcohol and mental health evaluation. The court noted that the sentence in [Case 1085] was in the aggravated range since [Appellant] committed the crime while he was on supervision and it was similar to a prior case against him of failing to provide the proper residence to authorities so that he certainly had to be aware of the obligation to provide a proper address to authorities. The court noted that the other sentences were within the standard range of the sentencing guidelines.

On November 14, 2016 [Appellant] filed a motion for reconsideration of sentence which was denied on November 17, 2016. On November 28, 2016, [Appellant] filed a [n]otice of [a]ppeal, and on December 6, 2016, th[e trial] court ordered [Appellant] to file a concise statement of the matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On December 15, 2016, [Appellant] filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal.

Trial Court Opinion, 1/17/2017, at 1-3 (citations omitted).

Initially, in this Court, in lieu of a brief in support of Appellant's appeal, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Upon review of the record, we found an apparent discrepancy that existed with respect to Appellant's sentence at Case 1085. Without the sentencing guideline form and guilty plea transcript, this Court was unable to reconcile the apparent confusion between the trial court and Appellant as to whether Appellant's sentence at Case 1085 fell within the aggravated range of the sentencing guidelines or outside the range entirely.

Due to these deficiencies, we remanded this case for the trial court to supplement the record and thereafter directed counsel to file either an advocate's brief or a supplemental **Anders** brief and petition to withdraw. **See Commonwealth v. Bojnoski**, 1930 MDA 2016 (Pa. Super. 2017) (unpublished memorandum). After the trial court supplemented the record, counsel for Appellant elected to file an advocate's brief on Appellant's behalf.[1] Thus, this case is now ripe for our consideration.

On appeal, Appellant raises the following issues for this Court's review.

> [1.] Whether the sentences imposed were harsh and unreasonable and an abuse of discretion and involved a misunderstanding by the sentencing judge that was imposing a sentence in the aggravated range on the unsworn falsification charge?

---

[1] The Commonwealth filed a response to Appellant's advocate's brief. In relevant part, the Commonwealth conceded that Appellant's sentence in Case 1085 fell outside the sentencing guideline range. Commonwealth's Brief at 2.

[2.] Whether the [trial] court failed to state on the record reasons or sufficient reasons for imposing a sentence above the aggravated range on the unsworn falsification charge and in the aggravated range on the other charges?

[3.] Whether the [trial] court relied on impermissible factors, such as its claim that Appellant had served the maximum sentence on a prior offense believing that he did not want to participate in the programs, when he was only enrolled in one program due to prison overcrowding and was, therefore, unable to be paroled and, consequently, was required to serve, through no fault of his own, the maximum sentence?

Appellant's Brief at 4 (unnecessary capitalization and suggested answers omitted).

Appellant's questions challenge the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved the issues by timely filing a motion for reconsideration of his sentence. Moreover, Appellant has included in his brief a statement pursuant to Pa.R.A.P 2119(f). We now turn to consider whether Appellant has presented substantial questions for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Appellant's first two issues, both of which wholly or in part involve Case 1085, are interrelated. Specifically, Appellant contends that he was sentenced to a term of incarceration that exceeded the aggravated range of his sentencing guidelines in Case 1085, despite the fact that the trial court believed that the sentence was within the aggravated range. Appellant's Brief at 11. *See also* Trial Court Opinion, 1/17/2017, at 2 ("The court noted that the sentence in [Case 1085] was in the aggravated range[.]").

Appellant avers the court erred by failing to set forth reasons for sentencing him outside the guideline range. Such a claim raises a

- 5 -

substantial question. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) ("This [C]ourt has found that a claim the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review.").

Regarding the merits of Appellant's claim, we are guided by this Court's opinion in *Commonwealth v. Byrd*, 657 A.2d 961 (Pa. Super. 1995). In *Byrd*, the trial court stated, on the record, its reasons for sentencing Byrd in the aggravated range of the sentencing guidelines. However, the record reflected that the trial court actually sentenced Byrd in excess of the aggravated range. Thus, on appeal to this Court, Byrd argued that the trial court abused its discretion by misapplying the sentencing guidelines and by failing to provide sufficient reasons for sentencing him outside of the guidelines.

This Court responded to Byrd's argument as follows.

> While deviation from the guidelines is permitted, the Sentencing Code requires that the court place of record its reasons for such deviation. The Superior Court has held that
>
> > [a]t the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines.
> >
> > [I]n every case where sentence has been imposed, the court then must make as part of the record and disclose in open court at the time of sentencing, a statement [of] the reasons for the sentence. However, the Sentencing Code imposes an additional requirement where the sentence is outside the guidelines and that is there must be a contemporaneous written statement of the reasons for deviation from the guidelines. Where the trial judge

- 6 -

> deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant. In the instant case the court did not advise the defendant what the sentencing guidelines provided as far as the range of sentence, and did not state why he deviated from the sentencing guidelines.
>
> [Byrd's] sentencing transcript reveals that the sentencing court failed to set forth in [his] presence the permissible range of sentences under the guidelines. Moreover, while the sentencing court did provide reasons for the sentence imposed, these reasons were advanced to support a sentence in the aggravated range. Nowhere did the court indicate that it was in fact sentencing [Byrd] outside of the guidelines and provide a contemporaneous statement of its reasons for such deviation….

**Byrd**, 657 A.2d at 963-64 (citations omitted). For these reasons, this Court vacated Byrd's sentence and remanded to the trial court for resentencing.

Here, based on the supplemental record received by this Court, it is clear that Appellant was sentenced outside the guideline range in Case 1085.[2] In addition to the trial court failing to set forth in Appellant's presence the permissible range of sentences under the guidelines, the court maintained that it was sentencing Appellant in the aggravated range, when

_____

[2] Appellant was sentenced to 12 to 24 months' incarceration for one count of unsworn falsification to authorities, a misdemeanor of the second degree. At the time of his sentencing, Appellant's prior record score was two. Thus, under the sentencing matrix the applicable standard guideline range was restorative sanctions to three months and the aggravated range was six months.

- 7 -

in fact, Appellant's sentence exceeded the guidelines. *See* N.T., 11/2/2016, at 9.

Although the trial court provided reasons for the sentence it imposed at Case 1085, those reasons were advanced to support a sentence in the aggravated range. *Id.* ("That is in the aggravated range and that is due to the fact it was committed while he was on supervision and that it was directly related to a prior violation and similar to a prior violation when he certainly had to be aware of his obligations at that point."). Yet, the court sentenced Appellant to 12 to 24 months' incarceration for unsworn falsification to authorities, which falls outside of the aggravated range. The court never stated that it was sentencing Appellant outside of the aggravated range nor did it provide a contemporaneous reason for such a deviation.

Under *Byrd*, this is an error which the trial court must remediate. Because Appellant was sentenced in all three of the above-referenced cases at the same sentencing hearing, in which the court's reasoning for these sentences was intertwined, and because those sentences were to run consecutively to one another, out of an abundance of caution, we vacate Appellant's sentences at Case 1085, 1211, and 867, and remand for resentencing. In light of our disposition, we need not address Appellant's remaining arguments that the trial court failed to provide adequate reasons on the record for his sentences at Cases 1211 and 867, and that the court

relied on impermissible factors during sentencing, as these issues can be properly addressed at a resentencing hearing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2017