J-S43021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                       :           PENNSYLVANIA
                                                       :

              v.                                    :
                                                       :

JAMES RICHARD FENNELL            :
                                                         :

            Appellant                 :     No. 1863 WDA 2017

Appeal from the Judgment of Sentence September 26, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003603-2016

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                      FILED OCTOBER 24, 2018

Appellant, James Richard Fennell, appeals from the Judgment of
Sentence entered in the Westmoreland County Court of Common Pleas on
September 26, 2017, following his open guilty plea to charges of Aggravated
Assault, Robbery, and Burglary.[1] After careful review, we affirm.

On July 5, 2016, Appellant attacked and robbed 80 year-old Vito
Toscano (the "Victim"), on the premises of the Victim's landscaping business.
In particular, Appellant grabbed the Victim by the neck and demanded the
Victim's money. He then punched the Victim multiple times in the face,
fracturing his nose and causing him to lose two teeth; pushed him to the
ground; kicked and punched the Victim multiple times; and grabbed the
Victim's cane and struck him with it. Appellant stole the Victim's wallet, which

_____

[1] 18 Pa.C.S. §§ 2702(a)(1); 3701(a)(1)(ii); and 3502(a)(3), respectively.

included a credit card, gift cards, a social security card, two checks, and about $500-$600 cash, and his cane.

The Victim suffered serious physical injuries from the attack, including injuries to his arms, legs, hands, fingers, groin, and buttocks. He has also become withdrawn and fearful for his safety since Appellant attacked him.

The Commonwealth charged Appellant with the above crimes and with Attempted Murder. On June 26, 2017, Appellant entered an open guilty plea to Aggravated Assault, Robbery, and Burglary; in exchange, the Commonwealth dismissed the Attempted Murder charge. The court ordered the preparation of a Pre-Sentence Investigation ("PSI") Report.

On September 17, 2017, the court held a Sentencing Hearing at which the Victim's wife, son, and daughter testified to the impact Appellant's crimes has had on the Victim and on them.

Appellant also testified at the Sentencing Hearing. He apologized to the Victim and his family, took responsibility for his actions, and admitted to feeling "ashamed and embarrassed" for what he had done. N.T. Sentencing, 9/17/17, at 18-19.

Following the hearing, the court sentenced Appellant to a term of 10 to 20 years' incarceration for his Aggravated Assault conviction, a concurrent term of 10 to 20 years' incarceration for his Robbery conviction, and a concurrent term of 5 to 10 years' incarceration for his Burglary conviction. The court indicated that it considered Appellant's PSI report, his lengthy criminal record, the impact his actions have had on the victim, the violent

nature of the crime,[2] Appellant's likelihood of rehabilitation, the fact that the Victim was elderly, the need to protect society, and Appellant's expressed contrition. Id. at 19-20. Although each of the imposed sentences is above the aggravated range, the court stated on the record that it was sentencing Appellant to an aggravated range sentence.[3] Id. at 19

On October 4, 2017, Appellant filed a Post-Sentence Motion in which he challenged the court's imposition of a sentence above the aggravated range. In particular, he argued that the court failed to articulate on the record the permissible range of sentences in the sentencing guidelines and that his sentence was outside of the guidelines.

The court held a hearing on Appellant's Post-Sentence Motion. At the hearing, the court acknowledged that it had misspoken when it indicated at Appellant's sentencing hearing that Appellant's sentence was an aggravated range sentence. N.T. Motion Hearing, 11/28/17, at 3. However, the court noted that it had very clearly stated the applicable guideline ranges on the record, and counsel had discussed them. Id. The court further noted that

_____

[2] The court characterized Appellant's act of beating an elderly man with his own cane as an act of "unnecessary and extreme violence used against an innocent elderly man." N.T., 9/17/17, at 19.

[3] Pursuant to the Sentencing Guidelines, a standard range sentence for an Aggravated Assault conviction or a Robbery conviction is 72 to 87 months' incarceration, and for a Burglary conviction is 27 to 40 months' incarceration. An aggravated range sentence for Aggravated Assault or Robbery is 96 months' incarceration and 46 months' incarceration for Burglary.

"everybody in the room was well aware that the sentence I imposed was above the aggravated range. So, I'm going to clarify the statement I made at the sentencing indicating the sentence is above the aggravated range." Id.

Thereafter, the court denied Appellant's Post-Sentence Motion.[4] This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the Court of Common Pleas erred in denying [] Appellant's Post-Sentence Motions and oral [M]otion to [W]ithdraw his plea after issuing an illegal sentence, beyond the guideline range, without proper acknowledgement on the record.

Appellant's Brief at 2.

Appellant's claim that sentencing court abused its discretion in imposing a sentence above the aggravated range without placing its reasons for doing so on the record challenges the discretionary aspects of his sentence. Commonwealth v. Byrd, 657 A.2d 961, 963-64 (Pa. Super. 1995).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing

_____

[4] The court also denied Appellant's oral Motion to Withdraw his guilty plea.

Code. Commonwealth v. Carrillo-Diaz, 64 A.3d 722, 725 (Pa. Super. 2013). If an appellant fails to include a Rule 2119(f) Statement in his Brief, and the Commonwealth objects to the lack of the Statement, this Court cannot review the merits of the appellant's claim. See Commonwealth v. Bruce, 916 A.2d 657, 666 (Pa. Super. 2007).

In this case, Appellant filed a timely appeal and preserved the issues by filing a Post-Sentence Motion. However, Appellant failed to comply with the Rule 2119(f) Statement requirement because he did not include a Rule 2119(f) Statement in his Brief. See Appellant's Brief at 1-10; accord Pa.R.A.P. 2119(f); Commonwealth v. Goggins, 748 A.2d 721, 727 (Pa. Super. 2000). The Commonwealth objected to Appellant's lack of a Rule 2119(f) Statement. See Commonwealth's Brief at 5-7. Therefore, this Court cannot review Appellant's challenge to the discretionary aspects of his sentence. See Bruce, 916 A.2d at 666.

Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2018

- 5 -