J-S27010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL GALLAGHER, | |
| Appellant | No. 1230 MDA 2015 |

Appeal from the Judgment of Sentence June 23, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005379-2014

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 05, 2016**

Appellant, Michael Gallagher, appeals from the judgment of sentence entered on June 23, 2015, in the Dauphin County Court of Common Pleas. We affirm.

In its PaR.A.P. 1925(a) opinion, the trial court provided the underlying facts of this case as follows:

> Toward the end of August of 2014, the four-month-old child, L.G., who is Appellant's child, was presented to the Children's Hospital of Philadelphia with injuries. (Notes of Testimony, Guilty Plea, May 5, 2015, 4). The child was having episodes of unresponsiveness, vomiting, etc. (N.T., 25). It was determined that the child had a traumatic brain injury which included multiple retinal hemorrhages and chronic and bilateral subdural hematomas. (N.T., 4). After investigation, the police determined that when Appellant was residing in the family home,

_____

[*]  Former Justice specially assigned to the Superior Court.

on multiple occasions and due to frustration with a crying baby, he shook the child multiple times. (N.T., 4). Appellant also confessed that he threw the child on to the changing table and acts of that nature which caused the brain injury. (N.T., 4).

Trial Court Opinion, 9/17/15, at 2.

Appellant was arraigned on November 24, 2014. On May 5, 2015, Appellant entered a plea of guilty to Aggravated Assault and Endangering the Welfare of Children.

On June 23, 2015, Appellant was sentenced as follows:

**Count 1** [aggravated assault] — 7½-15 years in SCI, fine of $1,000 plus costs;

**Count 2** [endangering welfare of children] — 3-6 years in SCI, fine of $500 plus costs, concurrent with Count 1.

On June 25, 2015, Appellant filed a Post-Sentence Motion to Modify which this Court denied by Order dated June 30, 2015. The Commonwealth filed a Motion for Modification of Sentence to Include Restitution on July 2, 2015. This Court granted Appellant's Application for Leave to Appeal In Forma Pauperis on July 17, 2015. Then, Appellant filed a Notice of Appeal to the Superior Court on July 17, 2015. On July 20, 2015, this Court filed an Order directing Appellant to file a concise statement of matters complained of on appeal within twenty-one (21) days. Appellant filed a Statement of Matters Complained of on Appeal on August 10, 2015.

Trial Court Opinion, 9/17/15, at 1.

On appeal, Appellant presents the following issue for this Court's consideration:

Whether the trial court erred in sentencing Appellant to an aggregate sentence of 7½ to 15 years in a state correctional institution, in the aggravated range of the sentencing guidelines, where such a sentence is excessive and unreasonable and constitutes too severe a punishment in light of Appellant's rehabilitative needs, and what is necessary to protect the public?

Appellant's Brief at 5 (underscoring omitted).

Appellant's claim of error is a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question with respect to the issues he presents.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super.

2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912-913.

In Appellant's brief, he argues that his sentence was manifestly excessive such that it constitutes too severe a punishment under the facts of this case. Appellant's Brief at 10. We conclude that Appellant's claim presents a substantial question for our review. *See Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."). Therefore, we will review the merits of Appellant's challenges.

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and this Court affords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's

character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[1] When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal

_____

[1] The *Walls* Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

Moreover, it is well settled that sentencing courts are not bound by the Sentencing Guidelines as they are merely advisory. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). The sentencing court may deviate from the Guidelines as they are one factor among many that the court must consider when imposing a sentence. *Id*. (citation omitted). The sentencing court "may depart from the [G]uidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Id*. (internal quotation marks and citation omitted).

In the case *sub judice*, the trial court had the benefit of a presentence investigation report. N.T., 6/23/15, at 2, 22. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." *Id*.

(citing ***Commonwealth v. Fowler***, 893 A.2d 758, 766-767 (Pa. Super. 2006)).

The trial court addressed Appellant's argument as follows:

Here, the Sentencing Guidelines call for a maximum term of ten to twenty years with a [standard] range of 36 to 54 months. (Notes of Testimony, Sentencing, June 23, 2015, 25). Additionally, consideration of Appellant's lack of prior criminal record should be and was accounted for in the sentencing guidelines as determined by his prior record score of zero. (See Commonwealth v. Celestin, 825 A.2d 670 (Pa. Super. 2003)). (N.T., 2). Furthermore, this Court considered a pre-sentence investigative report, the sentencing guidelines, a victim impact statement, as well as a statement from both the Appellant and the Commonwealth. (N.T., 1-21). Additionally, this Court noted that the sentence reflected Appellant's own admission of a need to get help as well as Appellant's attempt to make excuses for his heinous conduct. (N.T., 23-26). Specifically, this Court focused on the fact that although Appellant claims he did not want to hurt the child, it can easily be inferred from his ongoing abuse to the child that it is clear that he intended to hurt the child and that he did in fact hurt the child. (N.T., 22).

Upon consideration of all the above information, this Court determined that Appellant was in need of state supervision as well as long term anger management rehabilitation. (N.T., 26-27). The [90 to 180 month] sentence imposed by this Court provides for anger management counseling as well as for state supervision in order to protect the public. The sentence imposed was not unreasonable nor excessive or severe in light of Appellant's heinous conduct and the need for long-term rehabilitation.

Appellant further argues that this Court erred in omitting his reasons for deviating from the sentencing guidelines on the record. A sentencing judge is permitted to deviate from the sentencing guidelines but "must place on the record the reasons for the deviation." 42 Pa. C.S.A. § 9721(b); Commonwealth v. Byrd, 441 Pa.Super. 351, 657 A.2d 961 (1995). The appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a

manifestly unreasonable decision. <u>Commonwealth. v. Garcia-Rivera</u>, 983 A.2d 777, 781 (Pa. Super. 2009). Appellant's argument is without merit.

Here, this Court clearly set forth a statement of reasons for deviating from the guidelines. This Court stated that we "had difficulty swallowing Appellant's statements that he didn't want to hurt the child because it can be inferred from Appellant's ongoing conduct with the child that he did intend to hurt the child and clearly hurt the child." (N.T., 24-25). This Court further stated, "while the maximum term of ten to twenty years is lessened due to Appellant's acknowledgement of responsibility, the middle range of 36-54 months can't possibly address such conduct." (N.T., 24-25). This Court went on to state that, "the sentence that we are about to give this defendant will serve not only as a warning for others that engage in this kind of conduct but will punish him for what he did and will ensure that society is safe from him and that he will have an opportunity for long-term rehabilitation." (N.T., 25-26).

Trial Court Opinion, 9/17/15, at 3-5.

After review, we note that the trial court considered the testimony from the witnesses, reviewed the presentence investigation report, had the opportunity to evaluate the remorse expressed by Appellant, and carefully articulated its reasons for the sentence imposed. N.T., 6/23/15, at 3-17, 19-20, 22-26. The trial court was cognizant that the victim was a four-month-old child, Appellant's infant son. **Id**. at 22. Moreover, Appellant admitted that he inflicted the abuse in a manner whereby he attempted to minimize visible bruising to the child in order to prevent detection of his criminal actions. **Id**. (citing the presentence investigation report). The Sentencing Guidelines provided for a standard minimum-range sentence between thirty-six to fifty-four months. 204 Pa.Code § 303.16. However,

the trial court chose to deviate from the Guidelines and thoroughly explained its rationale. N.T., 6/23/15, at 25. Because the trial court considered all relevant factors, stated the recommended minimum sentence provided in the Guidelines, and then stated its reasons for departing from the Guidelines, we discern no abuse of discretion in the sentence imposed. *Sheller*, 961 A.2d at 190.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016