J-S12022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTUMISE GORE | : | |
| | : | |
| Appellant | : | No. 527 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001594-2017

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 1, 2021**

Appellant Artumise Gore appeals from his judgment of sentence imposed after the trial court convicted him of robbery, theft by unlawful taking, and simple assault.[1]  Appellant challenges the discretionary aspects of his sentence.  Specifically Appellant argues that (1) his sentence is manifestly excessive and (2) his sentence is vindictive.  We vacate and remand for resentencing.

A previous panel of this Court summarized the procedural history as follows:

On July 14, 2017, [Appellant] waived his right to a jury trial by signing a written colloquy.  The case proceeded to a bench trial before the Honorable Pamela Pryor Dembe.  The trial court convicted [Appellant] of the above offenses and imposed an aggregate sentence of to 4 to 8 years of incarceration [for robbery

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 3921(a), and 2701(a), respectively.

and theft], and 5 consecutive years of probation for simple assault, graded as a misdemeanor of the first degree.

***Commonwealth v. Gore***, 1395 EDA 2018, 2019 WL 2070496, at *1 (Pa. Super. filed May 10, 2019) (unpublished mem.). This Court held that Appellant's simple assault conviction was incorrectly graded as a first degree misdemeanor and should have been graded as a second degree misdemeanor, therefore, we vacated Appellant's judgment of sentence and remanded for resentencing. ***Id.***, 2019 WL 2070496, at *2. This Court did not consider Appellant's claim that his robbery and simple assault convictions should have merged; rather we stated that Appellant could present that argument to the trial court at resentencing. ***Id.***

On August 21, 2019, the trial court[2] sentenced Appellant to five to ten years' incarceration on the robbery count. The trial court held that the theft by unlawful taking count merged with the robbery count, but that the simple assault count did not. The trial court imposed no further penalty for the simple assault count. The trial court also imposed restitution in the amount of $786.00.

Appellant filed a timely motion for modification and/or reconsideration of sentence (post-sentence motion) on August 22, 2019. Therein, Appellant argued that the trial court imposed a manifestly excessive sentence outside the aggravated guideline range and that the sentence was illegally vindictive

---

[2] This matter was reassigned to the Honorable Genece E. Brinkley after Judge Dembe retired. ***See*** Trial Ct. Op., 11/16/20, at 2 n.1.

because it was greater than his previous sentence.[3]  An order denying Appellant's post-sentence motion by operation of law was entered on January 7, 2020.  Appellant filed a timely notice of appeal on February 5, 2020.[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we summarize as follows:

1. Did the trial court err when it imposed a manifestly excessive and unreasonable sentence?

2. Did the trial court err when it imposed a vindictive sentence?

Appellant's Brief at 2.

Both of Appellant's claims challenge the discretionary aspects of his sentence.  Appellant's first issue is that the trial court imposed a manifestly

_____

[3] While Appellant's post-sentence motion was pending, Appellant filed a *pro se* notice of appeal on January 2, 2020.  This notice of appeal was docketed in this Court at 390 EDA 2020.  This Court issued a rule to show cause why the instant appeal should not be quashed as duplicative of the appeal at 390 EDA 2020.  Appellant responded and this Court discharged the rule to show cause.  Appellant discontinued the appeal at 390 EDA 2020 on February 24, 2021.

[4] As stated above, Appellant filed a timely post-sentence motion on August 22, 2019.  *See* Pa.R.Crim.P. 720(A)(2)(a).  However, the trial court did not rule on the motion until after 120 days elapsed, and the motion was denied by operation of law on December 22, 2019.  *See* Pa.R.Crim.P. 720(B)(3)(a). However, the clerk of courts did not enter an order deeming the motion denied by operation of law until January 7, 2020.  *See* Pa.R.Crim.P. 720(B)(3)(c). Appellant's notice of appeal, filed on February 5, 2020, was facially untimely. *See* Pa.R.Crim.P. 720(A)(2)(b).  However, we will consider the order denying Appellant's post-sentence motion entered outside the 120-day period to be a breakdown in court operations and will not quash the instant appeal.  *See Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007).

excessive and unreasonable sentence. Appellant's Brief at 19-24. Appellant argues that his criminal history and the nature of the offense were adequately reflected in the guideline range. *Id.* at 24. Appellant contends that the trial court erred when it imposed a sentence that was above the aggravated guideline range. *Id.* at 21-22, 24. Appellant also claims that there was considerable mitigation evidence presented at resentencing. *Id.* at 20-21, 24. For these reasons, Appellant argues that his sentence is so "manifestly excessive as to constitute too severe a punishment." *Id.* at 24.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). Before reaching the merits of a discretionary aspects issue, this Court must conduct a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

***Commonwealth v. Williams***, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation and brackets omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

- 4 -

Instantly, as discussed previously, Appellant has timely filed a notice of appeal, and preserved his issues in his post-sentence motion. *See Williams*, 198 A.3d at 1186. Additionally, Appellant has included a Rule 2119(f) statement in his brief. *See id.* We further conclude that Appellant has raised substantial questions for our review. *See Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa. Super. 2017) (stating "[a]ppellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for our review"); *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (stating "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question" (citation omitted)); *Commonwealth v. Curran*, 932 A.2d 103, 105 (Pa. Super. 2007) (stating "a claim that the sentencing court sentenced outside the sentencing guidelines presents such a substantial question"). Therefore, we will address Appellant's claims.

Our review is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citations omitted and formatting altered).

Additionally, our review of the discretionary aspects of a sentence is governed by 42 Pa.C.S. § 9781(c) and (d):

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c)-(d).

This Court has further explained

Where . . . a court imposes a sentence outside of the Sentencing Guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S. § 9721(b).

> [A sentencing] judge . . . [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.
>
> * * *
>
> [W]hen deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges. However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. Our law is clear that, when imposing a sentence, the trial court has rendered a proper contemporaneous statement under the mandate of the Sentencing Code so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1287-88 (Pa. Super. 2020) (some citations omitted and formatting altered).

In *Beatty*, the trial court stated that it was sentencing the defendant in the aggravated guideline range, but actually imposed a sentence outside the guidelines. *Id.* at 1289-90. The *Beatty* Court concluded that the record did "not reflect that the trial court understood that it was sentencing [the defendant] outside of the guideline ranges at the time of sentencing." *Id.* at 1290. This Court observed that although the trial court gave reasons for its sentence, it did so to support a sentence in the aggravated range and "[n]owhere did the court indicate that it was in fact sentencing [the defendant]

- 7 -

outside of the guidelines, nor did it provide a contemporaneous statement of its reasons for such deviation." *Id.* at 1290. Therefore, this Court concluded that "because the requirements of Section 9721(b) have not been met, we are required to vacate the judgment of sentence and remand for resentencing in compliance with the rules." *Id.*; *see also Commonwealth v. Byrd*, 657 A.2d 961 (Pa. Super. 1995) (reversing a sentence outside the guidelines where the trial court erroneously stated it had imposed an aggravated range sentence and did not provide reasons to support deviation from the guidelines).

Here, at the sentencing hearing, the Commonwealth accurately stated that the standard guideline range was twenty-four to thirty months plus or minus six months.[5] N.T. Sentencing Hr'g, 8/21/19, at 7-8. The trial court explained the reasons for the sentence as follows:

> I'm going to mark the sentencing memo D-1 for sentencing purposes, and the letter of the victim impact C-1 for sentencing purposes.
>
> \* \* \*
>
> I received both of these, into the record, for sentencing purposes.
>
> I note that the 7/25/2019 memo from the Pennsylvania Department of Corrections indicates that [Appellant's] recommended treatment plan includes outpatient substance

---

[5] The Commonwealth misstated the offense gravity score for robbery, 18 Pa.C.S. § 3701(a)(1)(iv), as five. N.T. Sentencing Hr'g at 7. The offense gravity score for robbery, under that subsection, is seven. 204 Pa. Code § 303.15. However, the guideline range stated on the record at sentencing is correct for an offense gravity score of seven and a prior record score of five. 204 Pa. Code § 303.16.

abuse disorder and violence prevention. [Appellant] has not completed any recommended treatment program. He currently remains on the waitlist for enrollment into this treatment program. Even though, back in 2017, Judge Dembe ordered him to complete anger management, that has not been completed as of yet. Although, the [Appellant] has worked outside the prison for his work assignment while in the prison.

In addition, I note that the presentence report on page four -- that was page three, that was provided to Judge Dembe, also indicated that [Appellant] was to attend addiction treatment and anger management counseling as part of their recommendation.

In addition, on page four of that same presentence report, as the Commonwealth indicated, and the second paragraph, it indicates that [Appellant] violated his state parole due to his federal conviction, but the case was allowed to terminate as scheduled. He's presently still on federal probation, as the records indicate, that he did poorly on community supervision and violated nearly every term of supervision imposed. His violations include absconding from supervision, not completing court orders, drug treatment, incurred new arrests while on probation. In all, he has eight violations, six revocations, and there's one pending revocation here in Federal Court. The current matter was a direct violation of his federal probation.

It is important to note, in the next paragraph it says that [Appellant's] criminal history shows he's been nearly continuously supervised on probation, parole, or incarcerated, since 1992. In that time he had only a total of 11 and a half months free from some form of court supervision or not incarcerated. In short, he spent nearly all but 11 months in the past 25 years under court supervision or was incarcerated.

Since then, nothing has changed in his life despite the implementation of various county, state, and federal programs. He continues to not be amenable to county or community supervision.

Problems for [Appellant] include ongoing issues with addictions, for which he does not realize the magnitude of his addiction until he is incarcerated. Each time he's released from custody, he either absconds or does not remain committed to his program, remain committed to his treatment program, or his sobriety. It is not long after each release, he becomes reincarcerated. He still believes that he's in control of his addiction and does not need

treatment. Instead, he blames the victim, his ex[-]girlfriend, for falsely accusing him of this crime.

He has no sense of remorse or willingness to improve his circumstance. Given his history of violence, he remains a danger to others. [Appellant] reportedly has a high school diploma, but he still lacks marketable skills and consistent employment. He relies heavily on others to provide housing and other support. Without them, he's eventually homeless.

I mean, it goes on. [Appellant] was last released from state prison on September 21, 2006. State prison shows that he had four misconducts from the last incarceration. His first misconduct is dated September 20, 1999, which was for failure to stand count. He severed 30 days loss of privileges. The second dated March 7, 2001, was for refusal to obey an order and presence in an unauthorized area. He received 15 days in disciplinary custody. The third dated August 3, 2001, was for refusal to obey an order. 30 days of loss of privileges. And the last is dated September 1, 2001, was for possessing contraband, including money, and failure to report the presence of contraband. He received 30 days in disciplinary custody. His state prison moves and conduct reports are attached.

So it said based upon his criminal history, [Appellant] is at high risk of incurring future offenses and violating whatever conditions imposed by the Court. He has never been able to withdraw himself from criminal activity or drug use. Any period of community supervision should include intensive reporting, frequent urine testing to detect and deter substance abuse. Positive findings will result in a discipline referal [sic]. He's required to attend vocational training to ensure better employment opportunities. He's required to find part time legitime [sic] and verifiable employment, and complete any court ordered program.

There should be ongoing home visits, to verify his residency, including check for weapons and drugs as a condition of his supervision. If restitution is to be imposed, a monthly payment plan should be ordered, the entire amount is paid by the end of supervision. Any missed payment should be grounds for violation -- grounds of a violation hearing. A Stay Away order should be imposed for the victim. If he's to be supervised by the County Probation Department, his supervision should be under the intensive supervision unit. If he's to be supervised by the state

- 10 -

authority, he should involve himself in all programs offered in state custody, and while on state parole.

Is that's what that says?

So I can appreciate [Appellant's] words today, that he's a changed person and that he's showing remorse because he says he wants to apologize to Michelle. ["]I let the drugs get the best of me.["] That is what he said. I wrote it down. And I don't know whether two years -- and I don't know whether [Appellant] actually signed up for drug treatment, but he hasn't had the drug treatment or anger management that Judge Dembe ordered back in 2017.

So I'm going to resentence [Appellant] to five to ten years in state custody on the robbery charge. I realize that's one more year on the front end and back end -- well, she asked for the four to eight. I'm sentencing him to five to ten. **I think the five to ten is warranted in this particular case, as there was some question raised on appeal about it being an aggregated [sic] sentence and Judge Dembe not stating the reason. Well, I just stated the reason**. I read the significant portions of the presentence report, which indicated [Appellant] continues to reoffend every time he gets out. I don't believe his statements today are genuine. I think that because there was claim [sic] of no remorse left, this time he figures he shows remorse. I don't belive [sic] there's going to be any difference, given what was written in the presentence report and by his demonstrated history of continuing to reoffend as soon as he comes out.

**So the reason for the sentence being in the aggregated assault [sic] range is for what is in the presentence report and for the words of the victim in her victim impact statement**, where she says, ["]There's no words to express how this has impacted my daily existence. I still feel like he's going to come after me, even though he is incarcerated. I stop when I hear a person behind me and wait for them to pass by before I begin to walk. I don't go out at night alone. There's times when I feel like there's someone in my home when I get there from work. I call my family in my home as I walk through the door, to make sure there's no one in there. When someone brutally attacks you, there is no way to know how it will affect you. This has affected me in a way that is totally out of my character. Today, I'm more reserved, not willing to meet new people. I am very guarded and secluded from anyone that is not my family.

These are just a few of the ways this has changed my life.  Physical scars heal. Emotional scars are very deep.["]

**So I stated on the record the reasons for the aggregated [sic] sentence.**  So I'm going to -- the theft charge merges, and I'm going to impose no further penalty on the simple assault charge because it would only be a one-to-two-year sentence anyway and I'm adding the one more year on the robbery charge. So to me that covers all three counts that he was found guilty on, by sentencing on the one count of robbery to five to ten years in state prison.

Obviously, he'll receive credit for time served.  That time will be calculated by the State Parole Board.  I read in the defense's memo that he's supposed to be entitled to some different form of credit, but the credit is what the State Parole Board calculates.

As conditions of the sentence he's to complete drug treatment, mental health treatment, anger management treatment, and job training.  And upon release, seek and maintain employment, legitimate employment with a paycheck, and undergo random urine analysis and pay fines and costs at $25 per month.  He's also ordered to stay away from the victim the entire term of the sentence, the entire ten years.

*Id.* at 18-25 (emphases added).

The trial court's sentence of five to ten years' incarceration is two years above the aggravated guideline range.  *See id.* at 7-8 (setting forth the guideline ranges).  Based on our review of the record, we find that while the trial court gave its reasons for the sentence, it repeatedly stated that it was sentencing Appellant in the aggravated range of the sentencing guidelines. *See id.* at 23-25.  At no point during the sentencing hearing did the trial court indicate that it was aware that it was sentencing Appellant outside the guidelines.  We note that the trial court again stated in its Rule 1925(a) opinion that it sentenced Appellant "in the aggravated range[.]"  Trial Ct. Op. at 9.

- 12 -

Based on the foregoing, we conclude that the record does not reflect that the trial court understood that it was sentencing Appellant outside the aggravated guideline range at the time of sentencing. *See Beatty*, 227 A.3d at 1288, 1290. As in *Beatty*, we are constrained to vacate the judgment of sentence and remand for resentencing in compliance with Section 9721(b). *See id.* at 1290-91; *Byrd*, 657 A.2d at 964; *see also* 42 Pa.C.S. § 9781(c)(1) (requiring that an appellate court vacate a sentence where the trial court "purported to sentence [the defendant] within the sentencing guidelines but applied the guidelines erroneously"). "[Our] decision is not meant to be interpreted as commentary or analysis of the length of the sentence imposed. [We] note[] only that the trial court must fulfill its duty to provide a contemporaneous statement of reasons [for] deviating from the guidelines at the time of imposition of sentence." *Beatty*, 227 A.3d at 1290-91.

As we have vacated Appellant's judgment of sentence for the reasons stated herein, we need not address Appellant's remaining claims.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/01/2021