J-A04030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID STROWHOUER | : | |
| | : | |
| Appellant | : | No. 98 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 14, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002024-2019

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: APRIL 5, 2021**

Appellant, David Strowhouer, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his open guilty plea convictions for one count each of aggravated assault by vehicle, homicide by vehicle while driving under the influence ("DUI"), aggravated assault by a vehicle while DUI, accidents involving death or injury while not licensed, driving under the combined influence of alcohol and/or controlled substance, driving while suspended for a DUI-related offense, and murder of the third degree.[1]  We affirm Appellant's convictions but vacate and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3732.1(a); 3735(a)(1)(ii); 3735.1(a); 3742.1(a)(1); 3802(d)(3); 1543(b)(1)(iii); and 18 Pa.C.S.A. § 2502(c), respectively.

The relevant facts and procedural history of this case are as follows. On August 15, 2019, Appellant entered an open guilty plea to the above-mentioned crimes. Appellant's offenses stemmed from an incident where he drove under the influence of drugs and alcohol and struck another vehicle, killing one of the passengers and seriously injuring the driver. In its opinion, the trial court sets forth the relevant facts of this case as follows:

> On Saturday, February 16, 2019, [Appellant] attended the funeral of his mother. He had been drinking throughout the day and became highly intoxicated. After the funeral luncheon, [Appellant] continued drinking at his brother's residence in Willistown Township, Chester County. At approximately 9pm, [Appellant] decided he wanted to go to Chester, Delaware County to buy cocaine. Despite his brother and sister-in-law's impassioned attempt to stop him, [Appellant] abruptly left their residence in a black Dodge Ram pickup truck almost striking his brother. As [Appellant] approached the Rt. 452 bridge over the CSI railroad tracks in Upper Chichester Township, he illegally passed a vehicle at a high rate of speed. [Appellant] entered into the oncoming lane of traffic. While in the oncoming lane of traffic, [Appellant] crashed head on into the victim's vehicle as they proceeded lawfully in the correct lane of travel. The horrific impact killed the victim female passenger and caused serious bodily injury to her husband, the driver.
>
> At the time of the crash, [Appellant] had alcohol and three controlled substances in his system. [Appellant] had a blood alcohol content of 0.199 percent and Cocaine, Valium, and Marijuana were all detected in his blood. [Appellant is] a repeat DUI offender. [Appellant] has five previous DUI convictions between 2010 and 2017. At the time [Appellant] committed the current offenses, he was on State parole on three of his DUI cases.

(Trial Court Opinion, filed May 18, 2020, at 1-2).

On November 14, 2019, the court sentenced Appellant to an aggregate

25½ to 51 years' imprisonment. Appellant filed a timely post-sentence motion on November 21, 2019. The court denied the post-sentence motion on December 19, 2019. On December 23, 2019, Appellant timely filed a notice of appeal.[2] On December 27, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed a request for an extension of time to file his Rule 1925(b) statement. The court granted the request for an extension, and Appellant filed his Rule 1925(b) statement on May 11, 2020.

Appellant raises the following issues for our review:

Should not this Court grant discretionary review of the sentence imposed, and thereupon vacate judgment of sentence and remand for resentencing where the [trial] court imposed a manifestly excessive and clearly unreasonable total sentence of imprisonment of not less than 25½ no more than 51 years without providing an adequate, contemporaneous statement of reasons for the sentence imposed?

Where the sentencing court purported to impose a sentence for Aggravated Assault by Vehicle While DUI in the aggravated range of the sentencing guidelines, but actually imposed a sentence that was outside the guidelines without setting forth the permissible range of sentences, should not this Court vacate and remand for resentencing?

_____

[2] Appellant purported to appeal from the court's order denying his post-sentence motion. However, "[i]n a criminal action, [the] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*), *appeal denied*, 569 Pa. 681, 800 A.2d 932 (2002). We have corrected the caption accordingly.

- 3 -

(Appellant's Brief at 8).

In his first issue, Appellant argues that his aggregate sentence of 25½ to 51 years' incarceration is manifestly excessive and clearly unreasonable.[3] Appellant alleges that the court failed to reference the guideline range for each offense.[4] Appellant avers that the court failed to consider various factors under the Sentencing Code, including, *inter alia*, Appellant's rehabilitative needs, his alcoholism, his youthful age, and his remorse in pleading guilty and accepting responsibility. Appellant reasons that the court focused almost exclusively on the three victims when it imposed consecutive sentences for the crimes corresponding to each of the three victims. Appellant concludes the court abused its sentencing discretion, and this Court should vacate and remand for resentencing. We disagree.

As presented, Appellant's claims challenge the discretionary aspects of his sentence. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d

---

[3] Appellant admits that the sentences imposed for all but one of his convictions are within the standard guideline range. The only conviction where the court sentenced beyond the guideline range was for aggravated assault by vehicle while DUI. Appellant challenges his sentence for that conviction under his second issue, thus, we will address that issue separately.

[4] We will address this argument below with Appellant's second issue.

949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).[5]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

---

[5] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis omitted). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely-filed post-sentence motion. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert*. *denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis omitted) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's

- 6 -

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. **Id.** at 435, 812 A.2d at 627. "An allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). As well, where the sentencing court had the benefit of a pre-sentence ("PSI") report, we can presume the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. **Tirado, supra** at 366 n.6.

Furthermore,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted). *See also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently).

Instantly, Appellant filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). Nevertheless, Appellant's general claims of excessiveness, failure to consider mitigating factors, and imposition of consecutive sentences do not raise a substantial question. *See id. See also Mouzon, supra*; *Cruz-Centeno, supra*. Moreover, the court had the benefit of a PSI report. (*See* N.T. Sentencing Hearing, 11/20/18, at 4). Thus, we can presume the court considered the relevant mitigating factors. *See Tirado, supra*.

Even if we could reach the merits of Appellant's sentencing claim, the court stated at sentencing:

> **THE COURT**: ….All right. The way I see it is that there's three charges here. There's three—there's more than three victims, but I'm just looking at the case victim, Deana

Eckman, victim; Christopher Eckman, victim; the State, for him driving when he was forbidden to drive, and those three must be consecutive. So I'm going to go with the consecutive sentences first, which would be Count #5. Count #5 is Aggravated Assault by Vehicle While DUI, and that victim is Christopher Eckman. I sentence you to a minimum of 60 months to a maximum of 120 months. On Count #15, Count #15 is Driving Under Suspension - DUI-Related, convictions for DUIs in the past, and that—I'm sentencing you to a minimum of 6 months to a maximum of 1 year, consecutive to Count #5. Count #18 is the Murder in the third degree. I sentence you to a minimum of 240 months to a maximum of 480 months consecutive to Counts 5 and 15. So 5, 15, 18. Count #2 is the Aggravated Assault by Vehicle. I sentence you to a minimum of 16 months to a maximum of 84 months, concurrent to the other charges. Count #4, Homicide by Vehicle While DUI-Prior DUI Convictions, I sentence you to a minimum of 84 months to a maximum of 180 months concurrent to the others. Finally would be Count #8. Count #8 is Accidents Involving Death or Personal Injury While Not Properly Licensed. I sentence you to a minimum of 18 months to a maximum of 84 months. The effect of that sentence is 25.5 years as a minimum to 51 years as a maximum, which you won't even serve for another 3 to 4 years while you're serving your State parole violation. All credit will be done by the Department of Corrections because they will be the ones to determine what he serves first. You're not RRR-I eligible.

(N.T. Sentencing at 52-53).

The court elaborated on its sentencing decision as follows:

Here, the court was in possession of a pre-sentence investigation and psychological analysis. The court was fully informed about [Appellant's] rehabilitative needs as well as all other aspects of the case, through the pre-sentence reports and testimony and the argument presented at the sentencing hearing. In this case, a review of the record establishes that the sentence imposed was neither irrational nor unsound. The sentence imposed was reasonable, considering the nature and circumstances of the offense, the severity of the crimes, their impact on the victims, and the history of [Appellant]. Since there were multiple victims,

- 9 -

the court did not abuse its discretion by imposing consecutive sentences. Furthermore, the court stated on the record its reasons for [Appellant's] sentences.

(Trial Court Opinion at 7) (internal citation and quotation marks omitted). Here, the record confirms the court properly balanced Appellant's circumstances with the severity of the offenses and the need to protect the public. Based upon the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.

In his second issue, Appellant argues the court's imposition of a sentence of not less than 60 months nor more than 120 months imprisonment for his conviction of aggravated assault by vehicle while DUI exceeded the sentencing guidelines. Appellant alleges that this offense has an offense gravity score of 9, and Appellant had a prior record score of 3, thus, the guidelines provide for 54 months as the maximum sentence in the aggravated range.[6] Appellant contends that the court misapplied the sentencing guidelines by failing to set forth in Appellant's presence the permissible range of sentences under the guidelines and it failed to provide a contemporaneous reason for such deviation. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing.[7] We agree.

_____

[6] The Commonwealth agrees that this sentence exceeded the aggravated range. (Commonwealth's Brief at 19, 21).

[7] The Commonwealth acknowledges that it might be appropriate to remand for resentencing to clear up any confusion regarding the sentence imposed for aggravated assault by vehicle while DUI. (Commonwealth's Brief at 29).

- 10 -

A claim that a trial court failed to state its reasons for deviating from the guidelines and for imposing a sentence at or above the aggravated range presents a substantial question for review. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa.Super. 2009); *Commonwealth v. Fullin*, 892 A.2d 589, 592-93 (Pa.Super. 2005). Thus, this claim presents a substantial question, and we will address the merits.

The Sentencing Code provides, in pertinent part:

### § 9721.  Sentencing generally

\*     \*     \*

**(b)  General standards.**—In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.  The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155….  …  In every case where the court imposes a sentence outside the sentencing guidelines…, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines….  Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b).  A sentencing court is permitted to impose a sentence outside the guidelines, but "must provide a written statement setting forth the reasons for the deviation…." *Commonwealth v. Walls*, 592 Pa. 557, 567, 926 A.2d 957, 963 (2007).  This Court has interpreted these provisions to require, at minimum, that when a court deviates from the sentencing

- 11 -

guidelines, it must indicate that it understands the suggested sentencing range. ***Commonwealth v. Chesson***, 509 A.2d 875, 876 (Pa.Super. 1986). ***See also Commonwealth v. Rodda***, 723 A.2d 212 (Pa.Super. 1999) (concluding that where court imposes sentence outside sentencing guidelines, it need not recite numeric range of sentences within guidelines so long as record demonstrates court's recognition of applicable sentencing range and deviation of sentence from that range).

In ***Commonwealth v. Byrd***, 657 A.2d 961 (Pa.Super. 1995), this Court vacated a sentence where the trial court's error in failing to recite the guideline range was compounded by the court's erroneous belief that the sentence it imposed was in the "aggravated range," though in fact the sentence exceeded the guidelines. ***Id.*** at 964. This Court focused its decision on the confusion apparent in the record, reasoning that "while the sentencing court did provide reasons for the sentence imposed, these reasons were advanced to support a sentence in the aggravated range. Nowhere did the court indicate that it was in fact sentencing Appellant outside the guidelines…." ***Id.*** at 964. This Court emphasized that "[a]t the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines." ***Id.*** at 963. ***See also Commonwealth v. Wagner***, 702 A.2d 1084, 1086 (Pa.Super. 1997) (remanding for resentencing where trial court stated reasons for sentencing in "aggravated range" but imposed sentence outside guidelines).

Here, the court stated the following at sentencing:

> Okay. Take your time and do the form. I do have to mention that the one --**Count 5 was an aggravated range**, and the reason I went in the **aggravated range** was because he was already on parole from the State for DUIs when he committed this; also, the aggravating nature of the circumstances.

(N.T. Sentencing at 54) (emphasis added).

Although the trial court indicated that it was imposing a sentence in the aggravated range of the guidelines, the court did not set forth the permissible sentencing ranges under the guidelines, or indicate that it was actually sentencing Appellant outside of the aggravated range. Under these circumstances, we vacate the entire judgment of sentence and remand for resentencing. *See Wagner, supra*; *Byrd, supra*. *See also Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (explaining that where this Court's disposition upsets overall sentencing scheme of trial court, we must remand so that court can restructure its sentencing plan). Accordingly, we affirm Appellant's convictions but vacate and remand for resentencing.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/21